IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

PATRICK BRYAN SEAMAN, §
(Hood County NO. 63134) §
VS. § CIVIL ACTION NO.4:05-CV-636-Y
 §
 §
GENE MAYO, Sheriff, §
Hood County, Texas, et al. §

ORDER OF PARTIAL DISMISSAL OF SEVERAL DEFENDANTS UNDER 28 U.S.C. § 1915(E)(2) AND 28 U.S.C. § 1915A(b), AND ORDER REGARDING COMPLETION AND SERVICE OF SUMMONS UPON THE REMAINING DEFENDANTS
(With Special Instructions to the Clerk of Court)

The United States magistrate judge permitted Plaintiff, Patrick Bryan Seaman, to proceed in the above-styled and numbered cause pursuant to 28 U.S.C. § 1915, and Plaintiff was ordered to pay the full filing fee consistent with the Prison Litigation Reform Act("PLRA"). By order of this Court, Seaman was then required to file a more definite statement as to particular factual allegations against the named defendants.  Seaman timely filed a more definite statement on May 19, 2006. After review and consideration of the complaint and more definite statement, the Court concludes that some of the defendants and some claims must be dismissed, and that Plaintiff must provide completed summons forms to the Court in order to effect service upon the remaining defendants.

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await any responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] The Court concludes that some of Plaintiff's claims must be dismissed.

---

[1]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2006)(emphasis added).

[2]*See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 1999); *see Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3]*See* 28 U.S.C.A. § 1915A(a)(West Supp. 2006).

[4]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

In his complaint, Seaman identified Gene Mayo, sheriff, Hood County, Texas; Dr. Keith Louden; and Terry Julian, executive director, Texas Commission on Jail Standards. (Compl. Style; § IV(B).)  Although Seaman in the complaint referenced "excessive force at the time of arrest" by a Hood County deputy, he did not otherwise provide any facts to support this conclusion.  In the order for more definite statement, after noting the need for "greater detail about the facts supporting his claims," the Court directed Seaman to "identify" any additional defendant and provide "additional facts of how such person or entity was involved in any alleged violations of your rights." It did so consistent with circuit authority that requires a civil-rights plaintiff to support his claim(s) with specific facts demonstrating a constitutional deprivation.[6] Although Seaman named four additional persons (Deputy Holly, Captain Vines, Deputy Delacruz, and Captain Bisby[7]) related to an excessive force allegation, he provided no specific facts, and alleged only that each "used excessive force causing me unnecessary bodily injury, wrongful injury, mental anguish, etc." (MDS at 1.) But such allegations do not include any

---

[6]See *Schultea,* 47 F.3d at 1433; *see also Wesson,* 910 F.2d at 281("An IFP complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under § 1915(d)[now § 1915(e)(2)(B)]").

[7]In addition to these four persons, Seaman added as defendants Lieutenant Brown and Kat Brown. The clerk of Court is directed to add to the docket as party defendants Deputy Holly, Hood County Sheriff's Department; Captain Vines, Hood County Sheriff's Department; Deputy Delacruz, Hood County Sheriff's Department; Captain Bisby, jail administrator, Hood County jail; Lieutenant Brown, Hood County jail; and Kat Brown, Hood County jail.

3

specific facts as to what each defendant did, how they harmed Seaman, or how each violated his rights. A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint."[8] Lacking such factual specifics in support of his "excessive force" allegation, Seaman has not stated claims upon which relief may be granted. As such, Seaman's claims against these four defendants must be dismissed.

Plaintiff named as a defendant Terry Julian with the Texas Commission on Jail Standards. He alleges that Julian did not "follow up with a complete investigation of his medical health state." (MDS at 2.) But Julian's alleged failure to respond to grievances does not implicate a constitutional right.[9] As that is all Seaman alleges against Terry Julian, his claims against such defendant must be dismissed.

With regard to remaining individual defendants Gene Mayo, Dr. Keith Louden, Lieutenant Brown, and Kat Brown, the Court concludes that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), Plaintiff is entitled to have the summons,

---

[8] *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.), *cert. den'd,* 513 U.S. 883 (1994).

[9] *See Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005)("[An inmate] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.").

4

complaint, and more definite statements served upon them by a United States marshal or deputy United States marshal.[10] In order to serve the complaint and more definite statement, Plaintiff must fill out and return to the clerk of Court one Form 285 and two summons forms for each person to be served.  The Court will direct the clerk of Court to provide the Forms 285 and the summons forms to Plaintiff.  Upon their return, the clerk will then forward the completed summons forms and the completed Forms 285 to the marshal for service.

Therefore, all of Plaintiff's claims against Deputy Holly, Captain Vines, Deputy Delacruz, Captain Bishop, and Terry Julian are DISMISSED WITH PREJUDICE to the refiling of same pursuant to 28 U.S.C. § 1915A(b)(1) or, alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

The clerk of Court shall mail to Plaintiff eight blank summonses and four Forms 285. Plaintiff is advised that it is his responsibility to complete the summonses and Forms 285 with correct information as to the appropriate names and the appropriate addresses of the remaining defendants for service. [11]

Plaintiff shall, if he wishes to proceed with this action as

---

[10]*See Rochon v. Dawson,* 828 F.2d 1107, 1109-1110 (5th Cir. 1987).

[11]Although the officers of the Court will issue and serve process, they are not authorized to research the proper identity of parties and/or the service address of a party.

to his remaining claims, complete the summonses and Forms 285 and return them to the clerk within 30 days of the date of this order. Failure of Plaintiff to complete the forms and to timely return same to the clerk could result in the dismissal of the remaining claims in this action without further notice for lack of prosecution.[12]

Upon receipt of the completed forms, the clerk of Court is ORDERED to issue summonses for the remaining Defendants with attached thereto a copy of the complaint, the May 19, 2006, more definite statement, and this order, and deliver them to the United States marshal for service.

Upon receipt of the appropriate forms completed by Plaintiff, the summonses and copies of the complaint and more definite statement shall be served upon the remaining defendants by the United States marshal or Deputy United States marshal.

SIGNED November 14, 2006.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[12]*See* FED. R. CIV. P. 41(b).